UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| STEVEN MATTHEW CLARK, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:25-cv-00178-LEW |
| | ) | |
| CHRIS ARBOUR, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff, who is in custody at the Maine Correctional Center, filed a complaint against the Maine Department of Corrections (MDOC) and four of its employees. (Complaint, ECF No. 1.) In addition to his complaint, Plaintiff filed an application to proceed without prepayment of fees (ECF No. 8), which application the Court granted. (Order, ECF No. 9.)

In accordance with the statute that governs actions where a plaintiff proceeds without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

After a review of Plaintiff's complaint, I recommend the Court dismiss the matter unless Plaintiff amends the complaint to address the deficiencies identified herein.

## FACTUAL ALLEGATIONS[1]

Plaintiff has pursued a PhD in positive psychology from the California Institute for Human Science over several years while incarcerated at the Maine State Prison. He obtained the requisite MDOC approval and had a paid internship. Plaintiff alleges that beginning in 2020, he has experienced an escalating series of write-ups and interference with his educational resources and tools, including the periodic loss of access to his computer. In early 2024, Plaintiff was told that he was being transferred to the Maine Correctional Center and would be placed in a single cell to pursue his education without interference. After the transfer, Plaintiff was not placed in a single cell and his equipment was not returned. The named defendants include a prison education coordinator, an IT supervisor, and two deputy wardens of programs.

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to § 1915, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a

---

[1] For purposes of this review, the facts are derived from Plaintiff's complaint and supporting attachments, and the alleged facts are viewed most favorably to Plaintiff.

claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

In his complaint, Plaintiff did not cite any federal statutes or constitutional provisions in support of his complaint, and the relief he seeks (i.e., an order directing the MDOC to permit completion of his education program, to provide the conditions he was promised upon his transfer) does not assist in discerning the federal claims he intends to assert.[2] Regardless of

---

[2] In his request for injunctive relief, Plaintiff referenced the First, Fourteenth, and Eighth Amendments to the United States Constitution as bases for his claim. (Motion for Preliminary Injunction and Temporary Restraining Order at 2, ECF No. 3.) Plaintiff, however, did not adequately explain how the facts that he alleges support a constitutional deprivation.

whether there are some administrative or state law remedies available to Plaintiff, he does not have a federal constitutional right to rehabilitation or to an education program. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (denial of educational services is not punishment for Eighth Amendment purposes); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (no due process guarantee with respect to discretionary decisions related to "prisoner classification and eligibility for rehabilitative programs"); *Fiallo v. De Batista*, 666 F.2d 729, 730 (1st Cir. 1981) ("We are unaware of any authority for the proposition that a prison inmate has a federal constitutional right to rehabilitation. Indeed, all indications appear to be to the contrary").

Plaintiff characterizes the Defendants' conduct as harassment and retaliation, which could be construed as asserting a First Amendment claim. "[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions" for engaging in activities covered by the First Amendment. *Hartman v. Moore*, 547 U.S. 250, 256 (2006). "To prevail on such a claim, a plaintiff must establish a causal connection between the government defendant's retaliatory animus and the plaintiff's subsequent injury." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (quotation omitted). A plaintiff must show: (1) that he or she engaged in conduct protected by the First Amendment; (2) that the defendant took adverse action against the plaintiff because of the protected conduct; and (3) that the adverse action was more than de minimis, i.e., was sufficient to deter a plaintiff of ordinary firmness from exercising his or her first amendment rights. *Hannon v. Beard*, 645 F.3d 45, 48 (1st Cir. 2011); *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003); *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999).

A review of Plaintiff's complaint does not reveal facts that would satisfy the first two elements of a retaliation claim. Plaintiff labels certain defendants' actions as retaliation, but

he does not identify the protected conduct in which he engaged in that he claims resulted in the alleged adverse actions. Without any facts to establish the cause of the allegedly improper efforts to interfere with his education, a fact finder could not find that Plaintiff engaged in protected conduct or that the named defendants acted with retaliatory animus rather than some other motive. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("naked assertions," "labels and conclusions," and "formulaic recitation of the elements" without further factual content are insufficient to state a plausible claim for relief).

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss the complaint unless Plaintiff amends the complaint within fourteen days to assert facts that would support a retaliation claim.[3]

---

[3] Regardless of whether the Court adopts this Recommended Decision, Plaintiff has not satisfied the requirements of Federal Rule of Civil Procedure 65, which would govern Plaintiff's request for immediate injunctive relief. Rule 65 provides in relevant part:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.

Fed. R. Civ. P. 65(b)(1). Further, even if Plaintiff has alleged an actionable claim, he has not established by record evidence a substantial likelihood that he will prevail. Immediate injunctive relief, therefore, is not warranted. *See New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002) ("The sine qua non of this four-part inquiry is likelihood of success on the merits; if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity.") Accordingly, if the Court does not adopt the recommended decision to dismiss the matter, I recommend the Court deny Plaintiff's motion for preliminary injunction and temporary restraining order.

## **NOTICE**

      A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison<br>U.S. Magistrate Judge

Dated this 5th day of June, 2025.